**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**GARY RAY DEBOLT,**

        **Petitioner,**

v.                                              **Civil Action No. 5:12cv109
Criminal Action No. 5:09cr24
(Judge Stamp)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On July 13, 2012, the *pro se* Petitioner, Gary Ray Debolt, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:12-cv-109, ECF No. 1; Criminal Action No. 5:09-cr-24, ECF No. 265 ("Mot.").) On July 16, 2012, the undersigned Magistrate Judge entered an Order directing Respondent, the United States of America ("Respondent" or "Government"), to answer Petitioner's motion. (Criminal Action No. 5:09-cr-24, ECF No. 268.) On July 27, 2012, the Court granted an extension of time for the Government to file it's response. (Criminal Action No. 5:09-cr-24, ECF No. 274.) On August 20, 2012, the Court granted Petitioner's Motion to exceed the page limitation. (Civil Action No. 5:12-cv-109, ECF No. 6; Criminal Action No. 5:09-cr-24, ECF No. 279.) On that same date, Petitioner filed a sixty (60) page Brief in Support of his Motion. (Civil Action No. 5:12-cv-109, ECF No. 5; Criminal Action No. 5:09-cr-24, ECF No. 280 ("Brief on Mot.").)

The Government timely filed its response on September 14, 2012. (Criminal Action No.5:09-cr-24, ECF No. 287 ("Resp.").) On October 12, 2012, the Court granted an

extension of time for Petitioner to file a reply. (Criminal Action No. 5:09-cr-24, ECF No. 290.) Petitioner filed his reply on October 31, 2012. (Criminal Action No. 5:09-cr-24, ECF No. 292 ("Reply.").) On November 19, 2012, Petitioner filed a notice of correction regarding page numbering. (Criminal Action No. 5:09-cr-24, ECF No. 294.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge dismiss Petitioner's Motion.

## I. FACTUAL AND PROCEDURAL HISTORY

### A. *Conviction and Sentence*

On June 2, 2009, the Grand Jury indicted Petitioner on a nine-count Indictment. (Indictment, Criminal Action No., 5:09-cr-24, ECF No. 1.) Count one (1) through count eight (8) charged Petitioner with attempted distribution of child pornography in violation of Title 18, United States Code Sections 2252A(a)(2)(A) & (b)(1). Count nine (9) charged Petitioner with possession of child pornography in violation of Title 18, United States Code Sections 2252A(a)(5)(B) & (b)(2). *Id.*

On July 8, 2009, the grand jury indicted Petitioner on a seven count Superseding Indictment. (Superseding Indictment, Criminal Action No. 5:09-cr-24, ECF No. 24.) Count one (1) through Count five (5) of the Superseding Indictment charged Petitioner with receipt of child pornography in violation of Title 18, United States Code Sections 2252(a)(2) & (b)(1). Count six (6) and seven (7) of the Superseding Indictment charged Petitioner with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(b)(B) & (b)(2). *Id.*

On February 5, 2010, after a four-day jury trial, Petitioner was convicted on all seven

2

(7) counts of the Superseding Indictment. (Jury Verdict, Criminal Action No., 5:09-cr-24, ECF No. 105 and February 5, 2010, Day 4, Trial Tr., ECF No. 172 at 687:13-21.)

After the trial, Petitioner was detained pending sentencing. (Memorandum Opinion and Order, Criminal Action No. 5:09-cr-24, ECF No. 112.) Prior to sentencing, several motions were filed with regard to whether the Petitioner had engaged in a pattern of activity involving the sexual abuse of a minor so as to justify the application of United States Sentencing Guideline § 2G2.2(b)(5)[1].

On August 3, 2010, the first part of the sentencing hearing was held. The Court ruled on what documents needed to be produced by Harmony House in relation to the issue of whether United States Sentencing Guideline § 2G2.2(b)(5) is applicable in this case. The time spent on this issue and motions relating thereto necessitated continuing the sentencing hearing. Thereafter, several more motions were filed and a hearing was held before Judge Stamp on September 13, 2010 and September 29, 2010 on several of the motions to produce documents. Ultimately the Court did not apply §2G2.2(b)(5) of the United States Sentencing Guidelines when sentencing the Petioner; therefore, further discussion of these motions is not warranted. (Sealed order, Criminal Action No. 5:09-cr-24, ECF No. 242.) However, the government asserts that one series of motions should be considered by the court in this 2255 petition. On May 17, 2010, Petitioner filed his *pro se* Motion for a New Trial. (Criminal Action No. 5:09-cr-24, ECF No. 119.) In two separate Orders, the District Court denied that motion: in the first Order as a hybrid filing and in the second Order as being premature. (Criminal Action No. 5:09-cr-24, ECF No. 126 and 212) On February 8, 2011, the Defendant filed a

---

[1] United States Sentencing Guidelines § 2G2.2(5) states that "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels."

second *pro se* Motion for a New Trial or Acquittal. (ECF No. 230.) On February 11, 2011, the Court again denied the Motion as a hybrid filing but went on to deny the motion on other grounds. Specifically, the court ruled that the defendant's motion did "not pass the five part test established in *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989), for evaluating motions for a new trial based on newly discovered evidence." (Order Denying Defendant's *Pro Se* Motion for a New Trial And/or Acquittal, Criminal Action No. 5:09-cr-24, ECF No. 231.)

Petitioner appeared before District Judge Stamp for the continuation of his sentencing hearing on February 14, 2011. A judgment was entered on February 16, 2011 in which District Judge Stamp sentenced Petitioner for counts 1-5 to 151 months imprisonment, to run concurrently with all counts; and for counts 6 and 7, 120 months per count to run concurrently with all counts, followed by ten years of supervised release per count to run concurrently with all counts. (Judgment in a Criminal Case, ECF No. 236.)

The Defendant filed another *pro se* [243] motion to reconsider his motion for new trial on February 28, 2011. By order filed March 17, 2011, the District Court found that it lacked jurisdiction to rule on this motion as the Defendant had already filed an appeal with the Fourth Circuit. (Order Denying Defendant's *Pro Se* Motion to Reconsider Defendant's Motion for New Trial, Criminal Action No. 5:09-cr-24, ECF No. 249.)

**B.   Direct Appeal**

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). On appeal, Petitioner raised the following assignments of error: the district court erred in (1) denying his motion to suppress; (2) excluding proposed impeachment testimony; and (3) applying a sentencing enhancement pursuant to U.S. Sentencing

Guidelines Manual ("USSG") §2G2.2(b)(7)(D)(2009).[2] *United States v. Debolt*, 444 F. App'x 714, 2011 WL 3805785, at *1 (4th Cir. Aug. 30, 2011) (per curiam). By an unpublished opinion, the Fourth Circuit affirmed Petitioner's conviction and sentence. *Debolt*, 444 F. App'x at 714, 2011 WL 3805785, at *2. Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

## *C.  Federal Habeas Corpus*

### 1.  Petitioner's Motion

In his Court-Approved Motion[265], Petitioner alleges the following:

1. Prosecutorial misconduct
   a. The prosecution used perjured testimony and false evidence to indict Petitioner.
   b. Prosecution created false documents presented false evidence and perjured testimony at trial.
   c. The prosecution withheld evidence from Petitioner that was favorable to Petitioner and could have been used to impeach Officer Kozik.
2. Petitioner's trial counsel rendered ineffective assistance of counsel by:
   a. Counsel failed to investigate the facts and evidence used in the Indictment and at trial.
   b. Counsel failed to prove that the expert's testimony and evidence was false.
   c. Counsel failed to object to inadmissable evidence that was misleading and prejudicial.
   d. Counsel failed to present evidence that Petitioner was set up.
   e  Counsel failed to object to Officer Kozik performing multiple roles in the trial.
   f. Counsel failed to investigate to prepare for a defense.
   g  Counsel failed to object to inadmissable and prejudicial testimony of the Government's expert.
   h. Counsel failed to object to evidence being presented that was given several days before trial instead of at time of discovery.
   I. Counsel failed to present mitigating evidence to the jury.
3. Jury failed to consider all the presented facts and evidence in their verdict.
4. The Court erred in misleading the Jury by stating facts that were not in

---

[2] USSG §2G2.2(b)(7)(D) "If the offense involved–600 or more images, increase by 5 levels."

5

        evidence, specifically that there was evidence that Petitioner possessed Child Erotica.
5. Prosecution failed to prove knowledge of possession and receipt.
6. Trial Court failed in allowing the reading of the file names which was cumulative and prejudicial testimony.
7. Ineffective Assistance of Appellant Counsel because appellate counsel failed to raise numerous claims of Petitioner.

(Civil Action No. 5:12-cv-109, ECF No. 1; Criminal Action No. 5:09-cr-24, ECF No. 265 ("Mot.") at 1-18.)

The Petitioner asks that the Court to 1) conduct an evidentiary hearing on the claims presented; 2) permit the parties to brief and argue the claims presented after an evidentiary hearing; 3) vacate, set aside or correct his convictions and the terms of his sentence; and 4) grant such other further and/or alternative relief.  (Mot. at 17.)

### 2. Government's Response

In its Response, the Government asserts that Petitioner has raised seven different claims which can be grouped into four categories: Claim (1) prosecutorial misconduct; Claim (2) ineffective assistance of trial counsel; Claims (3-6) sufficiency of evidence at trial; and Claim (7) ineffective assistance of appellate counsel.  (ECF No. 287, Resp at 1-2.) The Government asserts that this petition is "nothing more than a continuation of the defendant's efforts to challenge the evidence in his case." (*Id.* at 11.)  Further, the government alleges that the forensic evidence presented at trial was the same forensic evidence that was reviewed by the defendant's independent expert. (*Id.* at 11.) Defendant filed two *pro se* Motions for New Trial [119][230] based on these same challenges, which the district court dismissed on several grounds, one of which was on the merits that it failed to meet the five part *Chavis* test. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).  Therefore, the government asserts that because this petition presents a repetitive

6

claim (Claim One), that the Court should follow *Winestock* and treat the defendant's motion, at least insofar as (Claim One) the perjury allegation, as a successive § 2255 application. Alternatively, the government asserts that there is no merit to any of Petitioner's claims and the Petition should be dismissed on the merits. *Id.* at 12. Furthermore, the Government asserts that Claims three, four, five and six were not raised on appeal and therefore those claims should be procedurally barred. *Id.* at 26.

### 3. Petitioner's Reply

In his Reply, Petitioner reiterates the same arguments raised in his Court-Approved Motion and Brief on Motion. (*See* ECF No. 292, Reply at 1-21.) In addition, the Government noted in its response that "...although Petitioner repeatedly challenges Counts One and Five of the Superseding Indictment, he does not take issue with his conviction on Counts Two, Three, Four, Six and Seven. (ECF No. 287, Resp. at 2.) Petitioner replies to this assertion as follows: "...it is true that the Petitioner only made claims on count one and five in his motion only because those two counts could be easily have been proven that they were false which in turn would have made all the other counts reliable." (ECF No. 292, Reply at 2.)

### D. *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:12-cv-109, ECF No. 1; Criminal Action No. 5:09-cr-24, ECF No. 265 ("Mot.").) be denied and dismissed on claims one (1) because there is no merit to this claim; on claims two (2) and seven (7) because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel;

and on claims three (3), four (4), five (5), and six (6) because they were not raised on direct appeal and are procedurally barred.

## II. ANALYSIS

### A. ANALYSIS OF PROSECUTORIAL MISCONDUCT CLAIMS
### (Petitioner's Claim #1 a, 1b and 1c)

Although the Government presents a good argument that Petitioner's claims of prosecutorial misconduct should be denied and dismissed as a successive petition (Resp. at 6.), the undersigned finds in this case that the Court should not construe the *pro se* Motion for New trial [230] as Petitioner's first §2255 petition. Accordingly, this petition can not be considered a second or successive petition and the Court will review the prosecutorial misconduct claims on their merits.

To succeed on a claim of prosecutorial misconduct based on perjured trial testimony, Petitioner must first show that the testimony was, in fact, perjured, and second, that the Government knowingly used the perjured testimony in order to secure the conviction. *Boyd v. French*, 147 F.3d 319, 329-30 (4th Cir. 1998) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). "The knowing use of perjured testimony constitutes a due process violation when there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* at 330 (internal citation and quotation omitted). However, "[m]ere inconsistencies in the testimony by government witnesses do not establish the government's knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 970-71 (4th Cir. 1987). Here, the government continues to assert that Officer Kozik's testimony was not perjured. *Id.* at 16. Therefore, even if Petitioner could prove that Officer Kozik's testimony was perjured, which he has not, Petitioner has certainly not proven that

the Government knowingly used perjured testimony.

Accordingly, the undersigned finds that Petitioner's Claim One (1)(a)(b) and (c) of prosecutorial misconduct are without merit and should be denied and dismissed on those grounds.

## B. ANALYSIS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### 1. Standard Governing Claims of Ineffective Assistance of Trial Counsel (Petitioner's Claim #2a-I)

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

Petitioner presents nine claims of ineffective assistance of counsel, which the undersigned will group into two categories: a) failure to investigate and present evidence; and b) failure to object to evidence. The undersigned finds all of these claims of ineffective assistance of counsel to be without merit and will address the claims asserted by dividing them into these two categories.

### a. Petitioner's Claims Regarding Counsel's Failure to Investigate and Present Evidence are Without Merit.
### (Petitioner's Claims 2a, 2b, 2d, 2f, and 2i)

In his Motion, Petitioner alleges that his trial counsel was ineffective for failing to investigate the facts and evidence used in the trial and the Indictment and failing to investigate to prepare for a defense. ( Brief on Mot. at 28, 37.) Specifically, Petitioner asserts that Officer Kozik's testimony before the grand jury was perjured. (*Id.* at 29.) Petitioner also asserts that his trial counsel was ineffective in preparing a defense. (Brief on Mot. at 37-39.) Further, Petitioner specifically alleges that counsel failed to prove the expert's testimony and evidence was false; counsel failed to present evidence that Petitioner was set up; and counsel failed to present mitigating evidence to the jury. (Brief on Mot. at 28-30, 32-35, 37-39, 45-46.) Because these five claims all allege trial counsel's failure to investigate and present evidence, they will be considered together.

The *Strickland* Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 690; *see also Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed"). The decision of "whether to call a defense witness is a strategic decision" that must be afforded "'enormous deference.'" *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (quoting *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993)). However, the *Strickland* Court also emphasized that "a particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to

counsel's judgments." *Strickland*, 466 U.S. at 691. "Complaints of ineffective assistance of counsel based upon 'uncalled witnesses' are not favored in federal habeas corpus review because mere unsupported allegations about what testimony potential witnesses might have given are far too speculative." *Talley v. United States*, Nos. 1:06-cv-74, 1:94-cr-118, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 26, 2006). Furthermore, the Fourth Circuit has held that conclusory allegations concerning what exculpatory testimony would have been presented "are insufficient to establish the requisite prejudice under *Strickland*." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004).

Petitioner argues that counsel failed to investigate and failed to present a defense. However, it is clear from the record that Defense counsel called several witnesses at trial, including Robin Baker, Donna S. Lucas, and Gary Debolt, Jr. (See *Jury Trial Transcript, Day 3*, ECF No. 171, 489-558) In addition, in order to make a record, the Court allowed Defendant to present two alleged impeachment witnesses out of the presence of the jury. (*Id.* at 573-591, *see also Pretrial Motions Hearing Transcript,* ECF No. 167.) Trial counsel also presented evidence through cross examination that other people had access to the computer, which was Petitioner's defense. (Trial Transcript, ECF 169, 170, 171, 172.) Lastly, Defense counsel even had a possible forensic analysis expert lined up to testify but decided not to call the witness. (*Pretrial Motions Hearing Transcript,* ECF No. 167, 3:7-10.)

The undersigned finds upon review of the case, that defense counsel's performance was not deficient and therefore there was no prejudice. There is no merit to the Petitioner's allegations of ineffective assistance of counsel at trial. Therefore, the undersigned recommends that this claim be dismissed.

    **b.**    **Petitioner's Claims Regarding Counsel's Failure to Object During the**

**Trial Are Without Merit
(Petitioner's Claims 2c, 2e, 2g, and 2h)**

In his Motion, Petitioner alleges that his trial counsel was ineffective for failing to object to evidence used in the trial. (Brief on Mot. at 31-44.) Specifically, Petitioner asserts that his attorney failed to object to Officer Kozik's use of Excel spreadsheets which mislead the jury. (*Id.* at 31.) Petitioner also asserts that his defense counsel did not object to Officer Kozik performing multiple roles in the trial. (*Id.* at 35.) Further, Petitioner specifically alleges that counsel failed to object to Officer Kozik's opinion that Petitioner downloaded these child pornography files then burned them to a cd and that the discovery originally provided had different dates/times associated with it than what was presented to the jury. (*Id.* at 40, 43.) Because these four claims all allege trial counsel's failure to object to evidence used at trial, they will be considered together.

Petitioner's claim that trial counsel failed to object to disputed testimony is simply not supported by the record. Corporal Kozik was qualified as an expert in computer forensic analysis in the field of child pornography and also in Gnutella peer network matters after a foundation was laid by the Government and after defense counsel conducted a voir dire. (*Jury Trial Transcript, Day 1*, ECF No.169, 54:22-25, 55:1-7.) Further, upon cross examination, Petitioner's counsel asked Corporal Kozik the following questions:

> Q. So you have no idea who is sitting at that computer, right?
> A. Correct
> Q. In fact, nobody has to be sitting at that computer, correct?
> A. Correct.

(*Jury Trial Transcript, Day 1*, ECF No.169, 139:10-15) After the Government rested, defense counsel moved pursuant to Rule 29 for a judgement of acquittal stating that the Government did not meet it's burden that Defendant knowingly received child pornography.

(*Jury Trial Transcript, Day 3*, ECF No.171, 484:18-25, 485-488.) The Court denied Defendant's motion stating that based on an interview of the Defendant that was introduced into evidence by Corporal Kozik, there was sufficient evidence to proceed. (*Id.* at 488.)

The record is replete with examples of how Petitioner's trial counsel set forth the Defendant's theory of the case. The undersigned finds no deficiency in defense counsel's performance. Even if there was evidence that counsel acted deficiently, Petitioner has failed to establish any prejudice to his defense resulting from these alleged errors. *See Glover v. Miro*, 262 F.3d 268, 275 (4th Cir. 2001) (a defendant wishing to show prejudice must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Therefore, because Petitioner has not met his burden of establishing ineffective assistance of counsel, the undersigned recommends that this claim be dismissed.

### 2. Standard Governing Claims of Ineffective Assistance of Appellate Counsel (Petitioner's claim #7)

The right to effective assistance of counsel extends to a defendant's first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, appellate counsel has no constitutional duty to raise all nonfrivolous issues requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the *Jones* Court recognized, "by promulgating a *per se* rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermine[d] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* The Fourth Circuit has held that when applying the *Strickland* test to claims of ineffective assistance of appellate counsel, "reviewing courts must accord appellate counsel the 'presumption that

14

he decided which issues were most likely to afford relief on appeal.'" *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (quoting *Pruett v. . Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)).

Appellate counsel raised the following issues on appeal: That the Court erred 1) in denying Defendant's Motion to Suppress the incriminating statement he made to investigators in a consensual interview 2) in excluding proposed impeachment testimony of two nephews of Petitioner based on F.R.E. 613(b) and 403 grounds; and 3) in applying a sentencing enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") §2G2.2(b)(7)(D)(2009). *United States v. Debolt*, 444 F. App'x. at 714, 2011 WL 3805785, at *2. Petitioner asserts that there were numerous claims that Appellate Counsel did not raise on appeal. The law is clear that the reviewing courts must presume that appellate counsel decided which issues were most likely to afford relief on appeal. After review of the record, the undersigned finds that appellate counsel did just that and Petitioner's allegations again are simply without merit.

In sum, Petitioner's claims of ineffective assistance of appellate counsel are without merit. Therefore, because Petitioner has not met his burden of establishing ineffective assistance of appellate counsel, the undersigned recommends that this claim be dismissed.

### C. Analysis of Errors at Trial Claims 3, 4, 5 and 6 as being procedurally barred.

Typically, 28 U.S.C. § 2555 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). However, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614,

15

622 (1998) (internal citations omitted).

"The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. " *United States v. Mikalajunas*, 186 F.3rd 490, 492-493 (4th Cir. 1999.) "In establishing 'prejudice,' Petitioner must show the error worked to his 'actual and substantial disadvantage,' rather than merely created the possibility of prejudice. *Wheeler v. United States*, 2011 WL 2491376, *9 (N.D.W.Va.) (April 25, 2011)(unpublished) (quoting *Murry v. Carrier*, 477 U.S. 478, 494 (1986).

Petitioner can neither demonstrate "cause" nor actual prejudice in this case. Nor can Petitioner demonstrate that he is "actually innocent." None of these claims would prevail even if they were addressed on the merits. The four claims Petitioner raises in his petition that are procedurally barred because they were not raised on direct appeal are as follows: 3) The Jury failed to consider all the presented facts and evidence in their verdict 4) The Court erred in misleading the Jury by stating facts that were not in evidence, specifically that there was evidence that Petitioner possessed child erotica; 5) The Prosecution failed to prove knowledge of possession and receipt and 6) The Trial Court failed in allowing the reading of file names which was cumulative and prejudicial testimony.

The undersigned finds upon review of the record that none of these claims are supported by the record. As to Petitioner's claim number three (3), petitioner is speculating at what the jury considered and provides no basis for this speculation. As for Claims four (4) and five (5), that evidence was properly admitted to show knowledge. As to Claim six (6), Petitioner argues that the evidence of child pornography was

16

admitted in a prejudicial way. However, it is clear from the record that Defense counsel successfully argued that the number of photos and videos shown to the jury should be limited and the Court chose the least prejudicial way of showing the evidence to the jury. (*See Pretrial Motions Hearing Transcript,* ECF No. 167.) The alternative would have been for the jury to sit through hours of child pornography which would have been more prejudicial.

Regardless, these claims should have been brought on direct appeal if appellate counsel believed that they had any merit. Since the claims were not brought on direct appeal, these claims are procedurally barred.

Accordingly, the undersigned finds that these claims are without merit and were not raised on direct appeal. Therefore they should be dismissed as procedurally barred.

### III.   RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 5:12-cv-109, ECF No. 1; Criminal Action No. 5:09-cr-24, ECF No. 265) be **DENIED** and **DISMISSED** as to claim one (1) because it has no merit; as to claims two (2) and seven (7) because Petitioner has failed to meet the two prongs of *Strickland* to demonstrate any claims of ineffective assistance of counsel; and as to claims three (3), four (4), five (5), and six (6) because those claims should have been raised on direct appeal and were not. Accordingly, those claims (3, 4, 5, and 6) are procedurally barred.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying

17

those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.  The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Gary Ray Debolt.

**DATED**: December 19, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE