IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GARY RAY DEBOLT,

    Petitioner,

v.                                          Civil Action No. 5:12CV109
                                             (Criminal Action No. 5:09CR24)
UNITED STATES OF AMERICA,                       (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
GRANTING PETITIONER'S MOTION FOR LEAVE TO
EXCEED THE PAGE LIMIT FOR OBJECTIONS AND
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On July 8, 2009, the grand jury indicted the pro se[1] petitioner, Gary Ray Debolt, in a seven-count superseding indictment. Counts One through Five charged petitioner with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). Count Six and Count Seven charged petitioner with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(b)(B) and (b)(2).

After a four-day jury trial, the petitioner was convicted on all seven counts of the superseding indictment. Prior to sentencing, several motions were filed with regard to whether the petitioner had engaged in a pattern of activity involving the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 1999).

sexual abuse of a minor so as to justify the application of United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2(b)(5).[2] This Court, however, did not apply that section when sentencing the petitioner. The petitioner also filed a pro se motion for a new trial. This Court denied that motion in two separate orders, the first order denied the motion as a hybrid filing and the second order denied the motion as being premature. The petitioner then filed another pro se motion for a new trial or acquittal which was denied by this Court as a hybrid filing and on other grounds (finding that the motion did not meet the test established in United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989), for evaluating motions for a new trial based on newly discovered evidence).

This Court then sentenced the petitioner to 151 months of incarceration for Counts One through Five to run concurrently with all counts; and 120 months per count for Counts Six and Seven to run concurrently with all counts, followed by ten years of supervised release per count to run concurrently with all counts. The petitioner then filed another pro se motion to reconsider his motion for new trial but this Court found that it lacked jurisdiction to rule on this motion as the petitioner had already

---

[2] This section states that "if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels."

filed an appeal with the United States Court of Appeals for the Fourth Circuit.

The petitioner's direct appeal with the Fourth Circuit raised three issues: (1) this Court erred in denying petitioner's motion to suppress; (2) this Court erred in excluding proposed impeachment testimony; and (3) this Court erred in applying a sentencing enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D) (2009).[3] The Fourth Circuit affirmed petitioner's conviction and sentence. The petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

## II. Facts

The petitioner then filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. This motion was fully briefed by the parties. The petitioner made several allegations in this motion. He claimed: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) error by the jury in not considering all presented facts and evidence, (4) error by this Court in misleading the jury, (5) failure by the prosecution to prove knowledge of possession and receipt, (6) error by this Court in allowing the reading of file names which were cumulative and prejudicial, and (7) ineffective assistance of appellate counsel.

---

[3]This section of the U.S.S.G. states that "[i]f the offense involved-600 or more images, increase by 5 levels."

3

The government responded claiming that the petitioner's first claim is repetitive and thus should be considered a successive § 2255 application. In the alternative, the government contended that the first claim is without merit. Further, the government argues that as to Claim Nos. 3-6, they were not raised on appeal and therefore are procedurally barred. As to Counts Two and Seven, the government asserts that neither trial nor appellate counsel were ineffective. The petitioner's reply reiterated his arguments from his initial brief.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied and dismissed with prejudice. The magistrate judge found that Claim No. 1 was without merit, Claim Nos. 2 and 7 failed to meet the Strickland[4] test, and Claim Nos. 3-6 were not raised on direct appeal and are procedurally barred.

The petitioner filed objections to each of the findings by the magistrate judge. These objections followed the claims made by the petitioner in his initial brief and in his reply to the government's response. The petitioner also filed a motion for leave to exceed the page limit of objections to the magistrate

---

[4]Strickland v. Washington, 466 U.S. 668, 687 (1984).

judge's report and recommendation. This Court will consider all of the petitioner's objections in turn and thus grants the petitioner's motion for leave to exceed the page limit. However, for the reasons set forth below, this Court adopts and affirms the magistrate judge's report and recommendation in its entirety.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## IV. Discussion

A. Prosecutorial Misconduct

This Court agrees with the magistrate judge that petitioner's claims of prosecutorial misconduct should not be denied as a successive petition. His pro se motion for a new trial was not the petitioner's first § 2255 petition. However, the petitioner must still show that his claims for prosecutorial misconduct have merit.

In order to succeed on the merits of his prosecutorial misconduct claims, the petitioner must first show that (1) the testimony was perjured and (2) the government knowingly used the perjured testimony in order to secure the conviction. <u>Boyd v. French</u>, 147 F.2d 319, 329-30 (4th Cir. 1998) (citing <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959)). "Mere inconsistencies in the testimony by the government witnesses do not establish the government's knowing use of false testimony." <u>United States v. Griley</u>, 814 F.2d 967, 970-71 (4th Cir. 1987).

The petitioner argues that prosecutorial misconduct took place when (1) the prosecution used perjured testimony and false evidence to indict petitioner; (2) the prosecution created false documents, presented false evidence, and perjured testimony at trial; and (3) the prosecution withheld evidence from petitioner that was favorable to petitioner and could have been used to impeach Officer Kozik.[5] The petitioner reiterated the same claims in his objections, arguing that the magistrate judge did not give his concerns enough weight.

The magistrate judge, however, found that because the government continues to assert that Officer Kozik's testimony was not perjured, the petitioner has not proven that the government

---

[5]Officer Kozik was the government's lead witness and was also the investigating officer on the case. The petitioner's claims revolve around Officer Kozik's underlying investigation and testimony in this Court during the petitioner's trial.

6

knowingly used perjured testimony. This Court agrees. However, it further finds that the petitioner has failed to address both in his reply and objections, the explanations given by the government as to the claims the petitioner has set forth. The petitioner has argued that there was prosecutorial misconduct because of differences in time stamps on the files found on the petitioner's computer and the fact that files were not on his computer but only on disks found by the government.

The government in response stated that the time stamps had been different because of a discrepancy in the system used by the investigating officers. This discrepancy was revealed to defense counsel and the petitioner, and was found to not affect the actual content of the evidence and its incriminating nature. Further, the government noted that some files would not show up on the petitioner's computer when the petitioner had deleted them or otherwise tried to remove them from his computer. However, these files were found on the disks that were confiscated and also on thumbnails that were not deleted from the petitioner's computer.

Based on the responses given by the government and the petitioner's failure to address them, it is clear that the petitioner has not met his burden of showing knowledge on the part of the government or even that the testimony was perjured. Thus, the petitioner's claims as to prosecutorial misconduct do not arise to the level required for such claims.

B.  <u>Procedurally Barred Due Process Claims</u>

The magistrate judge correctly recognized in his report and recommendation that issues raised on direct appeal may not be raised in a collateral attack, such as a § 2255 motion. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976). Further, it is well-established law that issues that could have been raised on direct appeal, but were not, may not be later raised in a collateral attack such as a § 2255 motion. <u>Sunal v. Large</u>, 332 U.S. 174, 178-79 (1947); <u>Bousley v. United States</u>, 523 U.S. 614 (1998). As stated by the United States Court of Appeals for the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show <u>cause and actual prejudice</u> resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

<u>United States v. Mikalajunas</u>, 186 F.3d 490, 493 (4th Cir. 1999) (emphasis added) (citing <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982); <u>United States v. Maybeck</u>, 23 F.3d 888, 891-92 (4th Cir. 1994)).

Again, the petitioner's Claim Nos. 3-6 are as follows: (3) error by the jury in not considering all presented facts and evidence; (4) error by this Court in misleading the jury by stating facts that were not in evidence, specifically that there was evidence that petitioner possessed child erotica; (5) failure by

8

the prosecution to prove knowledge of possession and receipt; and (6) error by this Court in allowing the reading of file names which were cumulative and prejudicial.

As the magistrate judge noted, these claims were not brought on direct appeal and thus, the petitioner must demonstrate cause and actual prejudice. As to his third claim, the petitioner provides no evidence of what the jury considered or what it did not consider. This claim is mere speculation and thus, as the magistrate judge noted, does not arise to "cause and prejudice."

Claim No. 4 was properly admitted by this Court to show knowledge. Thus, there was no cause nor prejudice as to this claim because the petitioner was not charged with receiving or possessing these images, the government was only using the evidence to show knowledge. As to Claim No. 5, the petitioner challenges the sufficiency of the evidence provided by the government. However, the petitioner's challenge does not take into account the other evidence the government provided to show that the petitioner had sought out, received, and possessed child pornography. Thus, the outcome would not have been different despite the petitioner's claim inapposite.

Finally, as the magistrate judge found as to Claim No. 6, the record shows that defense counsel was successful in his motion to reduce the number of photos and videos that would be shown to the jury. This Court limited those photos and videos and chose the

9

least prejudicial way of showing the evidence to the jury. The petitioner does not argue that this evidence was inadmissible but merely argues that the way it was presented was prejudicial. Because this Court limited the way the evidence was presented, the petitioner cannot show that he was prejudiced by the admittance of the image or video by file name and file pathway. This minimized the prejudicial nature of the evidence and thus, the petitioner's claim does not carry the day.

C.  Ineffective Assistance of Counsel Claims

This Court finds that the petitioner has failed to satisfy the two-pronged analysis provided by Strickland v. Washington, 466 U.S. 668 (1984), to establish a right to an amended sentence or new trial based upon ineffective assistance of counsel. Id. at 687 (providing that defendant must first show counsel's performance fell below an objective standard and next show that the defendant was prejudiced by the counsel's performance).

Further, the petitioner has failed to satisfy the Strickland test as applied to ineffective assistance of appellate counsel claims. Under that test, when applying Strickland to appellate counsel claims, "reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal." Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)).

This Court will address the petitioner's arguments regarding ineffective assistance in the same groupings as the magistrate judge.

1. <u>Petitioner's Claims Regarding Counsel's Failure to Investigate and Present Evidence</u>

The petitioner claims that (1) counsel failed to investigate the facts and evidence used in the indictment and at trial; (2) counsel failed to prove that the expert's testimony and evidence was false; (3) counsel failed to present evidence that petitioner was set up; (4) counsel failed to investigate to prepare for a defense; and (5) counsel failed to present mitigating evidence to the jury.

However, as the magistrate judge found, and as evidenced in the record, defense counsel called several witnesses at trial. Further, this Court allowed the petitioner to present two impeachment witnesses out of the presence of the jury. Defense trial counsel also presented evidence through cross-examination that other persons had access to the computer, the crux of the petitioner's defense. Finally, defense counsel had an expert review the government's evidence, but decided not to call that witness nor to disclose his report to the government.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. <u>Strickland</u>, 466 U.S. at 690. Further, "'the decision whether to call a defense witness is a strategic decision'

demanding the assessment and balancing of perceived benefits against perceived risks, and one to which '[w]e must afford . . . enormous deference.'" United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004) (quoting United States v. Kozinski, 16 F.3d 795, 813 (7th Cir. 1994) (internal quotation marks omitted)).

In this case, defense counsel clearly made reasonable investigations, evidenced by the fact that he was able to put on a defense that the petitioner was not the only user of the computer. Further, defense counsel is afforded "enormous deference" in his decision to not have the defense expert take the stand. Id. Based on what the Court knows (that defense counsel chose not to put the expert on the stand and also chose to not share the report), it appears that the expert's report was either not useful to the petitioner's defense or was likely to hurt the petitioner's defense. The record shows that defense counsel did put on a defense, presented witnesses, responsibly chose not to present some witnesses, and attempted to present mitigating evidence to the jury. Thus, the petitioner has failed to show that trial counsel's performance fell below an objective standard and thus has failed to show that he was prejudiced by that performance.

2. <u>Petitioner's Claims Regarding Counsel's Failure to Object During the Trial</u>

The petitioner claims that (1) counsel failed to object to inadmissible evidence that was misleading and prejudicial; (2) counsel failed to object to Officer Kozik performing multiple roles

12

in the trial; (3) counsel failed to object to inadmissable and prejudicial testimony of the government's expert; and (4) counsel failed to object to evidence being presented that was given several days before trial instead of at the time of discovery.

As the magistrate judge found, these claims are not supported by the record. Trial counsel did object to Officer Kozik's testimony about the underlying evidence. Trial counsel asked Officer Kozik if he knew who was sitting at the computer when the alleged crimes were committed and Officer Kozik stated he did not know. Further, trial counsel was able to make Officer Kozik admit that no one has to be sitting at the computer. After this testimony, trial counsel moved pursuant to Rule 29 for a judgment of acquittal stating that the government had not met its burden of showing that the petitioner knowingly received child pornography. This Court, however, denied that motion because an interview of the petitioner that had been introduced by the government provided sufficient evidence to proceed. Further, as stated previously, trial counsel was able to secure a less prejudicial showing of the government's evidence by convincing this Court that the videos and photographs should not be shown individually. These examples and several others of trial counsel making out the defense's case are shown throughout the trial record.

Finally, as to petitioner's claim that Officer Kozik could not simultaneously play several roles in the petitioner's prosecution,

case law shows that trial counsel was correct in not objecting. Trial counsel was likely aware that he would have to show that the dual role testimony of Officer Kozik was likely to confuse the jury. <u>United States v. Austin</u>, 347 F. App'x 945, 946 (4th Cir. 2009). The record shows that Officer Kozik's testimony was delineated between fact and expert testimony by trial counsel himself and thus was unlikely to confuse the jury.

Based on the record, it is clear that trial counsel was making objections when he deemed they were appropriate and was also attempting to block certain evidence from being admitted. Thus, the petitioner has failed to show that trial counsel's performance fell below an objective standard and therefore is unable to show that he was prejudiced by counsel's performance.

3. <u>Ineffective Assistance of Appellate Counsel Claims</u>

The petitioner claims that there were several claims that appellate counsel did not raise on appeal which had merit. These claims, the petitioner asserts, involved the claims he made in this petition: perjury, falsified evidence, and prosecutorial misconduct.

As discussed above, these claims do not have merit because it has not been shown that the government knew that Officer Kozik's testimony or evidence was false. Further, the underlying discrepancies that the petitioner cites as part of the "conspiracy" in his objections have been explained by the government in its

response. These explanations were known to the petitioner's trial counsel and to appellate counsel. Thus, it is clear that the presumption that appellate counsel decided which issues were most likely to afford relief on appeal cannot be overcome by the petitioner's claims. Although the petitioner raised these claims, appellate counsel was free to choose which claims were meritorious and which were frivolous. Appellate counsel did so by choosing not to put forward the non-meritorious claims of perjury, prosecutorial misconduct, and falsified evidence; therefore, this Court cannot find that he was ineffective.

## V. Conclusion

The petitioner's motion for leave to exceed the page limit for objections to the magistrate judge's report and recommendation is hereby GRANTED. However, for the reasons stated above, based upon a <u>de novo</u> review, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail, to counsel of record herein and to the United States Court of Appeals for the Fourth Circuit. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        November 5, 2013

                                            /s/ Frederick P. Stamp, Jr.
                                            FREDERICK P. STAMP, JR.
                                            UNITED STATES DISTRICT JUDGE